IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cr-30045 |
| QWANELL JONES, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Qwanell Jones' Motion to 120 Day Speedy Trial [35] (Speedy Trial Motion) and Motion to Exclude Probable Cause Affidavit [37] (Motion to Exclude).   For the reasons stated, the Speedy Trial Motion is ALLOWED in part, and the Motion to Exclude is DENIED as moot.

Speedy Trial Motion

Jones is entitled to a speedy trial under the Speedy Trial Act without filing a motion. 18 U.S.C. § 3161(c)(1).  Jones will receive a speedy trial in accordance with the Speedy Trial Act.  The Court understands that Jones will not consent to any continuances and will not agree to any hearings by videoconference.  Speedy Trial Motion; Minute Entry entered April 19,

2021.  Jones has also filed a pending motion entitled "995 Motion, Proposal for Dismissal, Motion to Quash Arrest & Motion to Suppress Evidence" (d/e 36) (Motion to Suppress).  The Motion to Suppress must be set for an evidentiary hearing and must be resolved before this matter can proceed to trial.  The Motion to Suppress has been set for an in-person hearing on June 15, 2021.  Text Order entered May 11, 2021.  The Speedy Trial Act authorizes a delay in the trial to hold hearings on such motions and to resolve such motions.  18 U.S.C. § 3161(h)(1)(D).  The trial has been continued to August 3, 2021 accordingly.  Text Order Entered May 11, 2021.

Motion to Exclude

Jones asks the Court to exclude the Affidavit accompanying the Criminal Complaint [1] in this matter.  Jones argues that the Affidavit contains false accusations.  The validity of the Affidavit is now moot because the grand jury issued an Indictment (d/e 12).  The grand jury charged Jones with possession of methamphetamine and cocaine with the intent to distribute it (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm and ammunition (Count 3), in violation of 18 U.S.C. § 922(g)(1),

all of which are alleged to have occurred within the Central District of Illinois. The grand jury, therefore, conclusively determined that probable cause exists to support these charges. See Kayley v United States, 571 U.S. 320, 328 (2014) ("[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' we have explained, 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged.") (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n. 19 (1975)). Because the grand jury has determined that probable cause exists to support the charges in the Indictment, the validity of the Affidavit is moot.

THEREFORE, IT IS ORDERED that Defendant Qwanell Jones' Motion to 120 Day Speedy Trial (d/e 35) is ALLOWED, in part, and his Motion to Exclude Probable Cause Affidavit (d/e 37) is DENIED as moot.

ENTER: May 13, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE