IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cr-30045 |
| QWANELL JONES, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter came before the Court for an evidentiary hearing on July 21, 2021, on Defendant Qwanell Jones' 995 Motion, Proposal for Dismissal, Motion to Quash Arrest & Suppress Evidence (d/e 36) (Motion). Defendant Jones appeared pro se.[1] Standby counsel Assistant Federal Public Defender Robert Scherschligt also appeared. The Government appeared by Assistant United States Attorney Timothy Bass. The Court allowed the parties to file post-hearing memoranda 14 days after preparation and filing of a transcript of the hearing. The Court directed that

---

[1] Defendant Jones exercising his right to "full faith and credit" under Article IV of the U.S. Constitution. Transcript of Motion to Suppress Hearing (d/e 55) (T.), at 8. Article IV states,
> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art IV § 1. Article IV of the Constitution guarantees full faith and credit to the laws of each State. Article IV does not grant rights to individuals such as Defendant Jones.

a copy of the transcript be sent to Defendant Jones. The transcript was filed on August 10, 2021. The court reporter provided a copy of the transcript to Defendant Jones through standby counsel Scherschligt. The Government determined to rely on its pre-hearing Response to Defendant's Pro Se Motions (d/e 41). Government's Notice Relating to Additional Argument Following Suppression Hearing (d/e 57). Defendant Jones has not filed a post-hearing memorandum. After careful consideration of the evidence and the submissions of the parties, this Court recommends that the Motion should be DENIED for the reasons set forth below.

## STATEMENT OF FACTS

On March 12, 2020, at approximately 5:20 p.m., Police Chief Ben Jackson for the City of Raymond, Illinois (Raymond), Police Department, was on patrol in Raymond. It was raining at the time. Chief Jackson observed Jones' vehicle with dark tinted windows and no visible license plate or other vehicle registration displayed. Chief Jackson also observed that the vehicle's wipers were on, but the lights were not on, which is a violation of the Illinois traffic code. T. 16-18; see 625 ILCS 5/12-201(b)

Chief Jackson initiated a traffic stop. Jones was driving the vehicle and had a pit bulldog in the back seat of the vehicle. Chief Jackson told Jones that he stopped him for driving without his headlights on and for no

visible registration.  Chief Jackson asked for Jones' license, proof of insurance, and vehicle registration.  Jones opened his glove box to retrieve documents to comply.  Chief Jackson observed a brown plastic shopping bag stuffed into the glove box.  Jones closed the glove box and provided Chief Jackson with the registration card.  At this time, Chief Jackson observed a bottle of tequila with a broken seal partially under the driver's seat.  Jones admitted the bottle was open, but said he had not been drinking.  Chief Jackson went back to his vehicle with the license and registration.  Chief Jackson determined that the registration had expired, and that Jones' license was suspended.  Chief Jackson requested a canine officer and backup at his location.  Montgomery County, Illinois, Deputy Sheriff Brett Holiday arrived at the scene.  T. 18-22, 51-52.

Chief Jackson detained Jones for driving on a suspended license and unlawful transportation of alcohol.  Jones exited the vehicle, Chief Jackson patted Jones down for weapons, and Chief Jackson and Deputy Holiday removed the pit bulldog from the car.  Deputy Holiday handcuffed Jones and placed him in his squad car.  Chief Jackson then searched the passenger compartment of the vehicle.  During the search, Chief Jackson unlocked and opened the glove box.  The brown plastic bag in the glove

box had the odor of marijuana. Chief Jackson also saw a loaded .410 revolver with an altered serial number. Chief Jackson also found a tin that contained pills that appeared to be MDMA and Xanax. The center console also contained marijuana. Additionally, the officers discovered that the compartment behind the glove box for the cabin air filter had been altered. Chief Jackson opened the hood to inspect the area behind the cabin air filter. The top of the air box leading to the cabin air filter had been cut off and a motorcycle license plate had been glued in and painted over. Chief Jackson opined based on experience that the purpose of the modification was to fashion a hidden compartment in the vehicle. Chief Jackson did not find anything in this hidden compartment. T. 28, 30-31, 48.

Chief Jackson read Jones his rights and informed Jones that he was being arrested for possession of marijuana, possession of a firearm by a felon and with an altered serial number. Chief Jackson also issued Jones a citation for driving on a suspended license and for unlawful transportation of alcohol; and he gave Jones an oral warning for driving with an expired registration and without turning on his headlights. T. 29-30.

Litchfield, Illinois, Police Sergeant, and canine officer, Zach Spaur also arrived at the scene. Sergeant Spaur had a trained drug-sniffing dog

with him. Chief Jackson had already found the marijuana before, so a free air sniff around the vehicle was not necessary. Sergeant Spaur had Jones' vehicle towed to a storage area owned by the City of Litchfield, Illinois, so that a thorough search could be conducted. T. 54-55.

Chief Jackson transported Jones to Montgomery County Jail (Jail). Upon arriving at the Jail, Jackson asked Jones if he had any contraband on his person because taking contraband into the Jail could result in additional charges. Jones denied having anything on his person. Jones was searched upon entry into the Jail. Officers found a small baggie of suspected cocaine, a baggie of suspected MDMA, and a baggie of suspected "Zanie" (Xanax) tabs. The marijuana and MDMA field tested positive for a controlled substance. T. 31-33. Chief Jackson notified the federal Drug Enforcement Administration (DEA) of Jones' arrest. T. 33-34.

Procedural History

On March 12, 2020, the Illinois Department of Corrections (IDOC) issued a parole warrant for Jones because Jones was on parole for a prior state armed robbery conviction. Criminal Complaint (d/e 1), attached Affidavit of DEA Investigator Sean Simpson (Simpson Affidavit) ¶ 10.

On March 13, 2020, this Court issued a warrant for the arrest of Jones pursuant to a criminal complaint filed in Case No. 20-mj-03029 in

this Court, and this Court set Jones' first appearance for March 16, 2020. Case No. 20-mj-03029 Proceedings before U.S. Magistrate Judge Tom Schanzle-Haskins on March 13, 2020. The criminal complaint charged Jones with possession of a controlled substance with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Case No. 20-mj-03029 Criminal Complaint (d/e 1).

Jones refused to appear by videoconference for his first appearance. U.S. District Court Judge Sue E. Myerscough quashed the warrant and directed that Jones be issued a summons to appear at an initial appearance on April 17, 2020. Case No. 20-mj-03029 Text Order entered March 16, 2020. Jones was then transferred to IDOC custody on the parole warrant. Simpson Affidavit ¶ 11.

On April 15, 2020, the Court allowed the Government's motion to dismiss the criminal complaint in Case No. 20-mj-03029 without prejudice. Case No. 20-mj-03029 Text Order entered April 15, 2020.

On July 20, 2020, the Government filed a criminal complaint in this case against Jones. Criminal Complaint (d/e 1). The Court reviewed the affidavit in support of the Criminal Complaint and found probable cause to arrest Jones. The Court issued an arrest warrant for Jones. Text Order entered July 20, 2020. This Court held Jones' initial appearance on July

22, 2020. Jones consented to appear by videoconference. The Court advised Jones of the charges and appointed counsel to represent Jones. The Government moved to detain Jones and the Court set the detention hearing and, if necessary, the preliminary hearing for July 24, 2020. Minute entry entered July 22, 2020. The Court ordered Jones temporarily detained until the July 24, 2020 hearing. Order of Temporary Detention (d/e 6).

The Court held the detention hearing on July 24, 2020. Jones consented to have the hearing conducted by videoconference. The Government proffered evidence to support detention. The Court ordered Jones detained. The Defendant waived his right to a preliminary hearing at that time and the Court accepted the waiver. The Court remanded Jones to the custody of the Marshal. Minute Entry entered July 24, 2020. The Court entered an Order of Detention (d/e 11) on July 30, 2020.

On August 4, 2020, the grand jury indicted Jones with possession of methamphetamine and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Indictment (d/e 12). Jones was arraigned on August 7, 2020. Minute entry entered August 7, 2020.

On March 23, 2021, Jones filed the Motion. Jones filed the Motion pro se even though he was represented by counsel at the time. On March 31, 2021, Jones stated at a status hearing that he wanted to proceed pro se. <u>Minute Entry entered Mach 31, 2021</u>. On April 19, 2021, the Court held an in-person hearing at which U.S. Magistrate Judge Eric Long questioned Jones and advised Jones of his rights. After being so advised, Jones decided that he wanted to proceed pro se and waived his right to counsel. Judge Long accepted Jones' knowing and voluntary waiver of his right to counsel and allowed him to proceed pro se. Judge Long directed the Government to respond to the Motion. <u>Minute entry entered April 19, 2021</u>. The Government responded to the Motion, and the hearing was then held on the Motion on July 21, 2021.

<u>ANALYSIS</u>

Defendant Jones raises several matters in his Motion. Jones first challenges the "affidavit made by official." <u>Motion</u>, at 1. Jones could be referring to the affidavit in support of the Criminal Complaint filed on March 13, 2020 in Case No. 20-mj-03029, or the Simpson Affidavit in support of the Criminal Complaint in this case. In either case, the challenge is denied as moot because: (1) the Criminal Complaint Case No. 20-mj-03029 was dismissed without prejudice, and (2) the grand jury indicted Jones. The

grand jury's indictment conclusively establishes that probable cause existed to charge Jones with the crimes set forth in the Indictment.  <u>Kaley v. United States</u>, 571 U.S. 320, 328 (2014).  Any infirmity in the affidavit supporting the criminal complaint is moot as a result.

Defendant Jones complains that this prosecution is unjustifiable because the prosecution is arbitrary, unjustified, and bears no rational relationship to legitimate penal statutes.  The Court disagrees.  The grand jury reviewed the evidence presented and issued an Indictment charging Jones with violations of federal criminal statutes, 18 U.S.C. §§ 922(g)(1) and 924(c), and 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The grand jury's Indictment conclusively established that probable cause existed that Jones violated these statutes.  The prosecution is not arbitrary.  The prosecution also is rationally related to the enforcement of the legitimate penal statutes cited above.  This objection of Jones to the prosecution should be overruled and a request for dismissal on these grounds should be denied.

Jones complains that his rights were violated because he was not arraigned promptly after his arrest on the pending charges and because he was not given a preliminary hearing.  Jones was arrested on March 13, 2020, but that arrest was quashed on March 16, 2020, and the Criminal Complaint was dismissed without prejudice.  Jones went into IDOC custody

because he violated his parole, but he was not under arrest for any federal charges, and so, had no right to an arraignment at that time.

Jones was arrested again on the warrant issued July 20, 2020 and was given a hearing on July 22, 2020 at his initial appearance. On July 24, 2020, Jones appeared again before this Court and waived his right to a preliminary hearing. His right to a preliminary hearing, therefore, was not violated.

After his arrest, the Government had 30 days to secure an indictment. 18 U.S.C. § 3161(b). Jones was indicted on August 4, 2020, two weeks after his arrest. The Indictment was timely. Jones was promptly arraigned on August 7, 2020, three days after he was indicted. See Fed. R. Crim. P. 10(a) (An arraignment occurs once a grand jury enters an indictment against the accused, or the Government files an information.). After the Indictment was issued, a preliminary hearing was not required because the grand jury already found probable cause. Fed. R. Crim. P. 5.1(a)(2) (no preliminary hearing required after indictment). Jones' rights were not violated. Jones' request to dismiss the charges on these grounds should be denied.

Jones moves to dismiss because the charges are barred by the statute of limitations. Jones is incorrect. Jones allegedly committed the

offenses charged on March 12, 2020. The Criminal Complaint in this case was filed on July 20, 2020, and the Indictment was issued on August 4, 2020. The statute of limitations on the charges is five years. 18 U.S.C. § 3282; 21 U.S.C. § 851(e). The Criminal Complaint and the Indictment were both filed well within the statute of limitations, less than a year after the date of the alleged offense. This ground for dismissal should be denied.

    Jones objects to the fact hearings were conducted by videoconference. Hearings for first appearances and arraignment may be conducted by videoconference if the defendant consents. Fed. R. Crim. P. 5(g) and 10(c). Jones consented to appear at his first appearance and his arraignment by videoconference. The other hearings held by videoconference were done so with Jones' consent and pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) in response to the ongoing COVID19 pandemic, and orders properly entered pursuant to the CARES Act. CARES Act, § 15002(b), Pub. L. No. 116-136, 134 Stat. 281 (2020); <u>United States Dist. Ct., C. D. Ill. General Order 20-03</u> § I, entered April 1, 2020; <u>Amended General Order 20-03</u> § I, entered June 30, 2020; <u>Fifth Amended General Order 20-01</u> ¶ 7, entered July 17, 2020; <u>Sixth Amended General Order 20-01</u> ¶ 7, entered August 14, 2020; <u>Seventh Amended General Order 20-01</u>, entered October 30, 2020; <u>Eighth

Amended General Order 20-01, entered January 8, 2021; General Order 21-02 § III, entered March 23, 2021; Amended General Order 21-02 § III, entered June 21, 2021. The videoconference hearings were lawfully conducted with his consent. Jones' motion to dismiss on these grounds should be denied.

Jones moves to dismiss for insufficient information to support the charges and lack of subject matter jurisdiction. The Indictment establishes that probable cause existed to charge Jones. The charges, therefore, are supported by sufficient information. This Court has subject matter jurisdiction to hear this criminal case. 18 U.S.C. § 3231. This motion to dismiss should be denied.

Jones moves to suppress the evidence found as a result of the March 12, 2020 traffic stop and search. An officer can reasonably stop a vehicle when the officer has "probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Chief Jackson had probable cause to believe Jones committed a traffic violation. Jones was operating his windshield wipers in the rain without turning on his headlights, in violation of 625 ILCS 5/12-201(b). Chief Jackson had probable cause to stop Jones.

Chief Jones subsequently had probable cause to arrest Jones for driving on a suspended license and for transporting an open liquor bottle in the passenger compartment, in violation of 625 ILCS 5/6-303 (driving on a suspended license) and 625 ILCS 5/11-502(a) (transporting an unsealed liquor bottle in the passenger area of the vehicle).  Chief Jackson had probable cause to stop and arrest Jones.

Chief Jackson also could constitutionally search the passenger compartment, including closed containers in the compartment, for evidence of Jones' offense of carrying open liquor containers in the passenger area of the vehicle.  Law enforcement officials may search the passenger compartment of an automobile, including closed containers in the compartment, incident to arrest for evidence of the offense for which the accused was arrested.  Arizona v. Gant, 556 U.S. 332, 351 (2009); United States v. Reedy, 989 F3d 548, 554 (7th Cir. 2021).  In this case, it was reasonable for Chief Jackson to search for other open containers of alcohol.  In particular, Chief Jackson saw a brown plastic bag stuffed in the glove box, and Jones shut and, evidently, locked the glove box after Chief Jackson saw the bag.  It was reasonable for Chief Jackson to search that glove box to see if the bag contained another open bottle of alcohol.

Upon opening the glove box, Chief Jackson found marijuana, a loaded revolver, suspected MDMA and Xanax pills, and a hidden compartment. At that point, Chief Jackson had probable cause that the vehicle contained contraband and could constitutionally search the entire vehicle. United States v. Ross, 456 U.S. 798, 800 (1982). The search of the vehicle was valid.

The search of Jones' person at the Jail was proper as a search incident to arrest. United States v. Edwards, 415 U.S. 800, 803 (1974) ("searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention."). The drugs found at the search at the Jail are also admissible. The Motion to suppress evidence should be denied.

THEREFORE, THIS COURT RECOMMENDS that Defendant Qwanell Jones' 995 Motion, Proposal for Dismissal, Motion to Quash Arrest & Suppress Evidence (d/e 36) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video

Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER: September 8, 2021

                s/ *Tom Schanzle-Haskins*
                TOM SCHANZLE-HASKINS

                UNITED STATES MAGISTRATE JUDGE